UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARRY LAYNE MOORE,

    Petitioner,

vs.              Case No. 3:18-cv-216-J-39MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

**ORDER**

**I. INTRODUCTION**

  Petitioner, Barry Layne Moore, proceeding pro se, challenges his state court (Bradford County) conviction for possession with intent to sell a controlled substance (count one) and sale of or dispensing a prescription drug without a prescription (count two). In his Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 5), he raises four grounds. Respondents filed an Answer (Response) (Doc. 15).[1]

---

[1] The Court will hereinafter refer to the Exhibits (Doc. 15) as "Ex." The page numbers referenced in this opinion are the Bates stamp numbers at the bottom of the page of each exhibit or the page number on the particular document.

Thereafter, Petitioner filed his Response/Reply (Doc. 17).[2] See Order (Doc. 7).

## II. EVIDENTIARY HEARING

A petitioner carries the burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012). In this case, the Court can "adequately assess [Petitioner's] claims without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Petitioner has not carried his burden and is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## III. THE PETITION

The Petition is timely filed. Response at 11-12. Petitioner raises four grounds for habeas relief:

> (1) Fundamental error in jury instruction. The instruction to determine if defendant had been entrapped included the act of dispensing. This instruction rendered the jury incapable of reaching a legal or lawful conclusion on the affirm[a]tive defense of entrapment.

---

2 With respect to the Petition, Response and Reply, the Court will reference the page number assigned by the electronic filing system.

(2) Denied protection against double-jeopardy. Defendant was found guilty of "sale of a prescription drug" and "possession with intent to sell a controlled substance.["]  The opinion filed July 21, 2015 clearly states, that the charge of dispensing was not available for prosecution.  Therefore[,] defendant was found guilty of 2 separate charges that stem from a single criminal episode.  The Eighth Judicial Circuit Court file[d] a motion to dismiss count #2 on October 19, 2015 dismissing the greater of the 2 charges.  The proper remedy is to dismiss the lesser of the 2 charges.

(3) Sufficiency of Evidence[.]  The state failed to prove the elements needed to prosecute the charge of "possession with intent to sell."  The audio/video evidence clearly show[s] the defendant had no intent to sell anything.  The state failed to prove defendant ever received any money, there was no money in evidence, the court/state failed to prove the defendant ever had possession of a 30 milligram oxycodone, the pill in evidence was a 30 milligram oxycodone[,] the prescription record shows the defendant was prescribed 15 milligram oxycodone.

(4) Prosecutorial Mis-conduct[.] [sic] The Petitioner maintains that the prosecutor was well aware of the fact that the defendant could not be charged with dispensing.  He utilized the charge as a strategic meens [sic] of convicting the defendant by mis-leading and confusing the jury by using a definition of dispensing not found in Chapter 465 of Florida Statutes (against request of defendant's counsel) and the prosecutor also introduced false testimonial evidence to the jury in closing that was not part of the record.

Petition at 5, 7, 8, 10.

## IV. HABEAS REVIEW

Petitioner claims he is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This Court recognizes its authority to award habeas corpus relief to state prisoners "is limited-by both statute and Supreme Court precedent." Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1330 (11th Cir. 2019). The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and limits a federal court's authority to award habeas relief. See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases"). Thus, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019), petition for cert. filed, (U.S. Dec. 9, 2019) (No. 19-6918).

In Knight, the Eleventh Circuit explained:

4

> A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams [v. Taylor, 529 U.S. 362 (2000)] at 413, 120 S. Ct. 1495. A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'" Virginia v. LeBlanc, --- U.S. ----, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017)(quoting Woods v. Donald, --- U.S. ---, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015)); see also Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L.Ed.2d 914 (2002) (explaining that "an unreasonable application is different from an incorrect one.").

Knight, 936 F.3d at 1330-31.

To obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent, not dicta. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1351 (11th Cir.), cert. denied, 140 S. Ct. 394 (2019). Unless the petitioner shows the state-court's ruling was

5

so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

The reviewing federal court must accept that a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Application of the AEDPA standard ensures that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, and not a mechanism for ordinary error correction.

6

Richter, 562 U.S. at 102-103 (citation and quotation marks omitted). Consequently, state-court judgments will not easily be set aside due to the applicability of the highly deferential AEDPA standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although this high standard does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. Id.

### V. EXHAUSTION AND PROCEDURAL DEFAULT

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747-748, 111 S. Ct. 2546; Sykes, supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker

7

> v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To demonstrate cause, a petitioner must show that some objective

8

factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999). If cause is established, a petitioner must demonstrate prejudice. To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995). The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent. Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).

## VI. GROUNDS FOR RELIEF

### A. Ground One

Petitioner alleges there was an error in the jury instruction that negated his entrapment defense. Petition at 5. He complains that although the charge to the jury included an instruction on entrapment, it also included the act of dispensing. Id. He

asserts the dispensing instruction "rendered the jury incapable of reaching a legal or lawful conclusion" on his affirmative defense of entrapment. Id.

The record shows Petitioner raised a similar claim in ground two of his Rule 3.850 motion. Ex. 22 at 12, 64. The trial court found the claim to be procedurally barred, concluding it should have been raised on direct appeal and is not cognizable through collateral attack. Id. at 200-201. The First District Court of Appeal (1st DCA) affirmed. Ex. 22, Opinion filed October 10, 2107. The mandate issued on November 7, 2017. Ex. 23. As such, the claim is procedurally barred from federal habeas review unless Petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of the claim.

Upon review, Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of the claim. Thus, ground one of the Petition is due to be denied.

### B. Ground Two

Petitioner raises a claim of double jeopardy in his second ground for relief. Petition at 7. Petitioner raised a double jeopardy claim in ground four of his Rule 3.850 motion, Ex. 22 at

13, 64, but the trial court found the claim to be moot because the charge of sale of or dispensing a prescription drug (count two) was dismissed on remand. Id. at 201. The 1st DCA affirmed. Ex. 22, Opinion filed October 10, 2107.

Petitioner has not established that the state court decision was contrary to or an unreasonable application of federal law, nor that there was an unreasonable determination of the facts. As such, ground two is due to be denied.

In the alternative, this claim has no merit as Petitioner no longer stands convicted of count two. On direct appeal, the 1st DCA reversed and remanded the judgment and sentence for count two. Ex. 9 at 4-5. The trial court, upon remand, vacated the judgment in count two, and entered an amended judgment on count one only. Ex. 10 at 1-4. Thus, there is no double jeopardy claim to be made under these circumstances. Response at 22. Petitioner is not entitled to habeas relief on ground two.

### C. Ground Three

In ground three, Petitioner raises a claim of insufficiency of the evidence. Petition at 8. Petitioner raised a similar claim in issue one of the direct appeal. Ex. 6 at 22-26. Indeed, Petitioner claimed the trial court reversibly erred by denying the motion for judgment of acquittal as to counts one and two. Id.

at 20. The 1st DCA affirmed the judgment and conviction for count one. Ex. 9. The 1st DCA agreed that a partial judgment of acquittal should have been granted as to the allegations of dispensing (count two) and directed the trial court to vacate that judgment and sentence. Id. The trial court, upon remand, vacated the judgment in count two, and entered an amended judgment on count one only. Ex. 10 at 1-4.

At trial, the court found that although Petitioner said on the videotape of the exchange with the informant Petitioner did not want any money for the pill, the videotape showed him looking at the informant as she placed money in a cigarette pack. Ex. 4 at 253. The court found the trier of fact should be allowed to determine whether Petitioner knew the money was in the pack, even though he made some oral protest prior to the transaction being consummated. Id. at 253-54. The court held, "viewing the evidence in a light most favorable to the state, I think a jury could conclude that there was, in fact, a sale of the narcotic based upon the circumstantial evidence that they see on the tape." Id. at 254. The court also highlighted the informant's testimony that she had purchased Oxycodone from Petitioner in the past, and the informant believed Petitioner was suspicious that there may be something wrong with the transaction, giving some explanation for

12

Petitioner's oral protestations. Id. As such, the court denied the motion for judgment of acquittal on count one. Id. The 1st DCA affirmed. Ex. 9.

Petitioner has not established that the 1st DCA's decision was contrary to or an unreasonable application of federal law, nor that there was an unreasonable determination of the facts. Deference under AEDPA is due to the last adjudication on the merits provided by the 1st DCA. As such, ground three is due to be denied.

In the alternative, the Court finds Petitioner has not presented a claim of constitutional dimension in ground three. Ordinarily, the denial of a motion for judgment of acquittal is a state law claim. It only arises to the level of a claim of constitutional dimension if it is asserted that the evidence was insufficient to support the conviction, and as a result of the deficiency, there was a deprivation of due process of law.[3]

On direct appeal, no due process claim was raised. Instead, Petitioner claimed the trial court reversibly erred in not granting Petitioner's motion for judgment of acquittal as to count one.

---

3 Of import, Petitioner does not claim a deprivation of due process of law in ground three. Petition at 8. He does not reference the Fourteenth Amendment or the Due Process Clause. He merely challenges the sufficiency of the evidence. Id.

Ex. 6 at 24. This Court should refrain from addressing the state law claim; it is not the province of a federal district court to reexamine state-court determinations on issues of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As there has been no breach of a federal constitutional mandate, this Court is bound by the Florida court's decision.

### D. Ground Four

In his fourth and final ground, Petitioner raises a claim of prosecutorial misconduct asserting the prosecutor knowingly charged him with a crime of dispensing, which could only be charged against pharmacists. Petition at 10. Petitioner presented a similar claim in ground one of his Rule 3.850 motion. Ex. 22 at 12, 30-43, 64. The trial court found the claim procedurally barred, noting it should have been raised on direct appeal. Id. at 200. The 1st DCA affirmed. Ex. 22, Opinion filed October 10, 2107.

The claim raised in ground four is procedurally barred from federal habeas review unless Petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of the claim. After due consideration, the Court finds Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will

14

result if the Court does not reach the merits of the claim. Thus, ground four of the Petition is due to be denied.

In the alternative, this claim has no merit. Petitioner does not stand convicted of dispensing under count two. That judgment has been vacated. Therefore, any claims concerning the issue of dispensing the prescription medication are moot. Thus, Petitioner is not entitled to habeas relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Amended Petition for Writ of Habeas Corpus (Doc. 5), **the Court denies a certificate of appealability.**[4] Because this Court has determined that a

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537

certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    **DONE AND ORDERED** at Jacksonville, Florida, this 17th day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/13
c:
Barry Layne Moore
Counsel of Record

---

U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

16